SHAWMUT COAL AND COKE COMPANY, Plaintiff, *v.* AMERICAN CREDIT-INDEMNITY COMPANY OF NEW YORK, Defendant.*

Supreme Court, Erie County, January, 1932.

*Frederic W. Frost* [*Harold S. Brown* of counsel], for the plaintiff.

*Saperston, McNaughtan & Saperston* [*Daniel N. McNaughtan* of counsel], for the defendant.

LARKIN, J.   This action is brought on a policy of credit insurance. By its terms it guaranteed the plaintiff as follows: " Against loss to an amount not exceeding $25,000.00 due to the insolvency, as hereinafter defined, of debtors, which insolvency shall occur within the term beginning the 1st day of February, 1929, and ending the

---

* See, also, 232 App. Div. 29.

31st day of January, 1930, and which loss shall result from the indemnified's *bona fide* sales of coal and coke during said term and delivered in the usual course of business." The case has been submitted to me upon an agreed state of facts. From this stipulation it appears that during the months of September, October, November and December, 1929, plaintiff sold and delivered, to the Penn Coal Company, coal to the amount of $17,830.92, and that thereafter the plaintiff, on January 30, 1930, apparently attempting to bring itself within subdivision 14 of paragraph 3 of the policy, mailed a notification of claim for this amount to the defendant and sent their account to it for collection. By the plaintiff's terms of sale payment of these various shipments became due on the twentieth of the second month following, but the plaintiff had the option of accepting the debtor's note, due in thirty, sixty or ninety days thereafter. The stipulation further shows that a note dated October 20, 1929, for $4,000, due February 23, 1930, was given by the debtor to the plaintiff. The note was in payment of the August account, and $361.26 of the October account. This note was included in the claim as filed on January 30, 1930, and the defendant collected it and remitted the proceeds to plaintiff. For the September account of $1,767.18 and $2,232.82 of the October account, a note of $4,000 was given December 24, 1929, dated November 20, 1929, and payable March 23, 1930. This note was discounted by plaintiff at a St. Marys, Pa., bank, and was owned by the bank until March 23, 1930, when plaintiff paid the note, reserving title. This note is one of the items of plaintiff's claim filed by it on January 30, 1930. No note was given for the November account of $6,134.70, and this, due on January 30, 1930, was included as one of the claims filed with the defendant. The December shipment of $4,696.32, which, by the terms of sale, was not due until February 20, 1930, was also one of the items included in the claim filed January thirtieth.

The defendant collected the note due February 23, 1930, and, therefore, that is not in issue. It concedes its liability for the November shipments and the balance of the October sales. It disputes its liabilities on the note of $4,000, which matured March 23, 1930, and for the sales made in December, 1929, payment of which was not due until February 20, 1930.

The entire issue involved in this litigation is the construction of the policy. As I view the plaintiff's position, it is its contention that the debtor's insolvency occurred on the twentieth of November, and again on the twentieth of December, by its failure to pay on those dates, respectively, the shipments made during September and October. Its contention is that, although the time of payment of these accounts was extended by the acceptance of a note, this did

not waive its right to declare the insolvency subsequently, and before the maturity of the note given for these two shipments, and that, when it did so declare, such declaration was effective also as to sales which had been made by it to the debtor, payment of which, by the terms of sale, was not due until after the declaration of insolvency was filed. It is upon this theory, then, that the plaintiff claims that its notice, filed January 30, 1930, operated to establish this loss by reason of the debtor's insolvency, both as to the note of $4,000 and the December sales of $4,896.22. I disagree with this view of the contract. Clearly, subdivision 14 of article III of the contract had in mind protection both to the insured and insurer. If a claim was not paid when due, the insured could protect itself by declaring an insolvency as to the item and turning it over to the insurer for collection. The insurer could protect itself by proceeding immediately with such collection. However, it was essential, to establish a loss by reason of insolvency, within the meaning of this subdivision, that the amount be due at the time it was turned over for collection. This was not true as to the note maturing in March, nor the sales, payment for which could not be enforced until February. Carried to its logical conclusion, the plaintiff would make of this policy, not one protecting it against the insolvency of its debtors, but practically one guaranteeing all sales made by it within the policy term, provided there was any sale which had not been paid on the twentieth of the second month following, and even if that sale was represented by a note of thirty, sixty or ninety days, not then due. Such a construction would make a new contract for the parties. The policy seems to be perfectly clear, and under it the plaintiff has no recourse against the defendant for either the note of $4,000 or the sales in December, because, when those two items were included in the claim filed January thirtieth, they were not then due, and consequently did not fall within the purview of subdivision 14.

Neither did the defendant, by collecting the note of February twenty-third, either waive its right or estop itself to set up this defense. Its act in making this collection was after the policy had expired. Plaintiff was not misled, and did not change its course by reason of this conduct on the part of the defendant.

Judgment is, therefore, directed for the plaintiff for the amount of the November sales, $6,134.70, and the balance of the October sales, $3,000, amounting in all to the sum of $9,134.70, less the deductions provided by the policy; plaintiff's requests to find to be submitted on or before January fifteenth.